IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-_____

ORLEN SEALAND,

Plaintiff,

v.

JOHN DOE, Individual, and ENTERPRISE
HOLDINGS, INC. d/b/a ENTERPRISE RENT-A-CAR,

Defendants.

---

## NOTICE OF REMOVAL

---

Defendant Enterprise Holdings, Inc., by and through their undersigned counsel, Jachimiak Peterson Kummer, LLC, hereby submits the following Notice of Removal of the above-captioned action from Denver County District Court, Colorado, to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

## I.    INTRODUCTION

1.    Plaintiff Orlen Sealand ("Plaintiff") initiated this lawsuit on November 19, 2020 against Defendants John Doe, Individual, and Enterprise Holdings, Inc. d/b/a Enterprise Rent-A-Car (herein "Defendant Enterprise"), in the Denver County District Court, State of Colorado, captioned *Orlen Sealand, Plaintiff, v. John Doe, Individual, and Enterprise Holdings, Inc. d/b/a Enterprise Rent-A-Car, Defendants,* Civil Action No. 2020CV33951 and is now pending in that Court (the "State Action").  *See* **Exhibit A,** Plaintiff's Civil Cover Sheet; and **Exhibit B**, Plaintiff's Complaint.

2.      Plaintiff alleges that on November 22, 2017, the driver of a shuttle bus operated by Enterprise slammed on its brakes on Jackson Gap Road at Peña Boulevard, City and County of Denver, State of Colorado, resulting in bodily injury to Plaintiff. **Exhibit B**, ¶¶ 8 – 32.

3.      Plaintiff's Complaint alleges claims for negligence of Defendant Doe and Respondeat Superior by Enterprise.  *Id.* at ¶¶ 19 – 32.

## II.     COMPLIANCE WITH THE RULES

4.      All procedural requirements related to the removal of this action have been satisfied.

5.      Enterprise Holding, Inc. was served on March 3, 2021 in Saint Louis, Missouri (**Exhibit I**) and on March 3, 2021 in Centennial, Colorado (**Exhibit J**).

6.      This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendant Enterprise and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7.      A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8.      Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | District Court Civil Case Cover Sheet |
| **Exhibit B** | Plaintiff's Complaint |
| **Exhibit C** | Delay Reduction Order |
| **Exhibit D** | Motion for Extension of Time to Serve Process |
| **Exhibit E** | Proposed Order re Motion for Extension of Time to Serve Process |
| **Exhibit F** | Order: Motion for Extension of Time to Serve Process |
| **Exhibit G** | Pre-Trial Order and Discovery Protocol |
| **Exhibit H** | Webex Procedures – Denver District Court |
| **Exhibit I** | Summons and Affidavit of Service – Saint Louis, MO |
| **Exhibit J** | Summons and Affidavit of Service – Centennial, CO |

9.      Pursuant to D.C.Colo.LCivR 81.1, Defendant Enterprise states that no hearings or motions are pending, nor has any trial been set in the State Action.

10.     Pursuant to Fed.R.Civ.P. 81(c), Defendant Enterprise will present its defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11.     Defendant Enterprise has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCivR. 81.1.

### III.     DIVERSITY JURISDICTION

12.     This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332.  Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

**A.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

13.     There is complete diversity of citizenship between Plaintiff and Defendant Enterprise. Plaintiff is a citizen of Georgia. **Exhibit B**, ¶ 1. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10thCir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14.     Enterprise Holdings, Inc. has a principal mailing address of 600 Corporate Park Drive, Saint Louis, MO 63105.

15.     John Doe is really Cheick Macalou. Mr. Macalou is a resident of Colorado.

16.     For purposes of federal diversity jurisdiction, the parties are completely diverse. 28

U.S.C. § 1441(b).

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17.      While not waiving Defendant Enterprise's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs. In his Complaint, Plaintiff alleges that he has suffered "serious bodily injuries, which include, but are not limited to: a torn left shoulder rotator cuff, left shoulder labrum team and/or injury, likely need for surgical repair of left shoulder, and varying soft tissue injuries to the left side of Plaintiff's neck, face and his left shoulder, lost time from work and lost wages, medical costs past and future, physical impairment, permanent impairment, pain, suffering, and other injuries and damages, some of which are believed permanent" caused by the incident.  **Exhibit B**, ¶¶ 26, 32.

18.      Furthermore, in the Civil Cover Sheet for the Complaint filed in Denver County District Court, Plaintiff states that he seeks a monetary judgment over $100,000.  **Exhibit A**.

19.      "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

20.      In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

21.      When a defendant seeks federal court adjudication, the defendant's amount in

controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

22.      Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of his Civil Case Cover Sheet.  *See* **Exhibit A**.  Pursuant to Colo.R.Civ.P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapter 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with each pleading containing an initial claim for relief and shall be served on all parties along with the pleading.

23.      In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that he seeks "a monetary judgment over $100,000 . . . against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought." **Exhibit A**.

24.      The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under

§ 1446(b)(3)." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016). The Tenth Circuit Court of Appeals has concluded that the cover sheet "starts the removal clock" and there is "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceedings." *Id.*

25.     Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000,exclusive of interests and costs, and therefore, this action may property be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

26.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Enterprise Holdings, Inc. respectfully requests that the action now pending in the Denver County District Court, Case No. 20CV33951, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 23rd day of March, 2021.

 /s/ Mark J. Jachimiak
Mark J. Jachimiak
Jachimiak Peterson Kummer, LLC
1819 Denver West Drive, Suite 265
Golden, CO 80401
Phone:  303.863.7700
Fax: (303) 830-8772
Email: mjachimiak@jpk.law;
*Attorneys for Defendant Enterprise Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email address:

Michael P. Fossenier, Esq.
Law Office of Michael Fossenier, LLC
4100 E. Mississippi Avenue, 19th Floor
Denver, CO 80246
Email: mike@fozlaw.com


        /s/     Donna Sommerfield