<table>
<tr><td colspan="2">

DISTRICT COURT, DENVER COUNTY
STATE OF COLORADO

1437 Bannock Street
Denver, CO 80202

</td></tr>
</table>

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY<br>STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: November 19, 2020 12:39 PM<br>FILING ID: 8F64B49A870EA<br>CASE NUMBER: 2020CV33951 |
| **Plaintiff:   ORLEN SEALAND,**<br><br>**v.**<br><br>**Defendant:  JOHN DOE, Individual,**<br>            **And**<br>            **ENTERPRISE HOLDINGS, Inc.,**<br>            **d/b/a ENTERPRISE RENT-A-CAR** | ▲Court Use Only▲ |
| Attorneys for Plaintiff:<br><br>LAW OFFICE OF MICHAEL FOSSENIER, LLC<br>Michael P. Fossenier, Esq., #17804<br>4100 E. Mississippi Avenue, 19th Floor<br>Denver, CO  80246<br>720-495-7029 Phone<br>303-583-8344 Fax<br>Email:  mike@fozlaw.com | Case Number:<br><br>Courtroom/Division: |
| **PLAINTIFF'S COMPLAINT** ||

**COMES NOW**, the Plaintiff, Orlen Sealand ("Plaintiff"), by and through his attorney, Michael P. Fossenier, Esq., of the Law Office of Michael Fossenier, LLC, alleges, avers and states as follows:

## <u>INTRODUCTION</u>

1. This is a tort action of negligence and respondeat superior to recover compensatory damages for, or as a consequence or result of, certain personal injuries suffered, experienced, or sustained by Plaintiff arising out of, or in connection or association with, a certain incident involving a shuttle bus driven by Defendant John Doe ("Defendant Doe"), to be later named, and who was at all times acting within the course and scope of his employment with Defendant

Enterprise Holdings, Inc. d/b/a Enterprise Rent-A-Car ("Enterprise"), which occurred in Denver County, Colorado on November 22, 2017.

## PARTIES

2. At all times relevant, Plaintiff has resided in, and continues to reside at 3091 Brooks Drive, Snellville, GA  30078.

3. Upon information and belief and at all times relevant, Defendant Doe was an employee of Enterprise, acting within the course and scope of his employment.

4. Upon information and belief and at all times relevant, Enterprise was a foreign corporation doing business in Denver, Colorado, and maintained offices in Denver and other areas within the State of Colorado.

## JURISDICTION AND VENUE

5. The Colorado District Court for Denver County has original jurisdiction over this action under C.R.C.P. 98 because the incident at issue and complained of herein, occurred in Denver County, Colorado.

## STATEMENT OF FACTS

6. This claim arises from an incident that occurred on November 22, 2017, on Jackson Gap Road near the eastbound access ramp to Peña Boulevard in Denver County, Colorado.

7. On the date at issue, Defendant Doe, while driving for Enterprise, operated a shuttle bus owned by Enterprise and as an employee thereof, driving patrons including Plaintiff, back and forth from the Enterprise car rental facility, located at 24530 East 78th Ave, Denver, Colorado (the "Lot"), and Denver International Airport ("DIA").

8. At the time of the incident, Defendant Doe was driving the Enterprise shuttle bus, traveling southbound on Jackson Gap Road and about to make a left turn onto the eastbound access ramp to Peña Boulevard.  Defendant Doe observed an oncoming  shuttle, coming from the opposite

direction, and accelerated in an effort to "beat" the oncoming bus.As Defendant Doe accelerated to make the left turn, he apparently realized he could not "beat" the oncoming bus, and suddenly and without warning, abruptly slammed on his brakes and turned sharply to the right, catapulting Plaintiff, who was a passenger of the bus, out from his seat.

9.  This bus, owned and operated by Enterprise, did not provide seat belts for its customers-passengers, including Plaintiff.

10. As he was catapulted from his seat, Plaintiff, in an effort to protect himself, grabbed a vertical bar that acted as a luggage rack support for passengers' bags with his left hand, whereby his body shot forward and then immediately back and to the left and slammed into the luggage rack with his head, neck and left shoulder.

11. As he was catapulted from his seat, Plaintiff saw the other shuttle bus passing in the opposite direction.

12. Plaintiff remained on the floor of the shuttle for a few moments before returning to his seat.

13. Defendant Doe, seemingly unaware of the incident, continued to DIA.

14. When the shuttle bus arrived at DIA, Plaintiff approached Defendant Doe regarding the incident and discussed what had caused his abrupt stop that catapulted him from his seat.

15. Defendant Doe told Plaintiff and admitted that as he attempted to make the left turn, a vehicle coming in the opposite direction was in its right turn lane, appearing to slow to turn and then changed lanes and instead of turning, continued through the intersection in the shuttle bus' direction, at which point Defendant Doe suddenly slammed on his brakes and cut back to the right so he would not continue turning into the path of the oncoming vehicle..

16. Plaintiff then informed Defendant Doe of what had happened to him as a result of Defendant Doe's poor driving.

17. Defendant Doe gave Plaintiff the name and number of his supervisor and extended his apologies to Plaintiff, so that Plaintiff could report the incident to Enterprise.

18. Plaintiff contacted Defendant Doe's supervisor at Enterprise and Plaintiff was told to seek medical attention.

## FIRST CLAIM FOR RELIEF
### *(Negligence of Defendant Doe)*

19. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in the above paragraphs 1 through 19, above.

20. At all times relevant, Defendant Doe owed a duty of care to his passengers, including Plaintiff, to exercise reasonable care and safety practices in his driving.

21. Defendant Doe breached said duty when he recklessly failed to operate Defendant Enterprise's shuttle bus in a safe, prudent, and reasonable manner, consistent with such duties, obligations, and responsibilities to: look, see, and properly react and respond to the plainly visible, commonplace traffic congestion, obstructions, or hazards, and to accordingly drive the vehicle with due regard for other drivers, driving conditions, congestion, obstacles, and hazards then present, or which were then reasonably or foreseeably to have otherwise been expected, anticipated, or potentially present.

22. The foregoing breaches and failures on the part of Defendant Doe constitute negligence.

23. Said breaches and negligence caused Plaintiff to be catapulted across the bus and slammed into a metal luggage rack and pole, causing injuries, damages and harms to Plaintiff.

24. Defendant Doe knew or should have known that the Enterprise bus he was driving did not contain seat belts for its passengers and that such reckless and negligent driving would result in Plaintiff, along with other unrestrained passengers, being thrown from their seats and injured as a result.

25. Plaintiff was a negligence-free passenger in Defendant Enterprise's vehicle at the time of the incident.

26. Defendant Doe's reckless and negligent driving caused Plaintiff to suffer serious bodily injuries, which include, but are not limited to: a torn left shoulder rotator cuff, left shoulder labrum tear and/or injury, likely need for surgical repair of left shoulder, and varying soft tissue injuries to the left side of Plaintiff's neck, face and his left shoulder, lost time from work and lost wages, medical costs past and future, physical impairment, permanent impairment, pain, suffering, and other injuries and damages, some of which are believed permanent, all in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF
### *(Respondeat Superior by Enterprise)*

27. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in the above paragraphs 1 through 27 of this Complaint.

28. Defendant Doe was employed and trained by Enterprise to operate the subject shuttle bus which was involved in the subject incident.

29. On the date at issue, Defendant Doe was acting within the course and scope of his employment while operating Enterprise's shuttle bus when it was involved in the subject incident.

30. As alleged above, Defendant Doe negligently operated the Enterprise shuttle bus, causing injuries, damages and harms to Plaintiff.

31. Because Defendant Doe was acting within the course and scope of his employment with Enterprise when he negligently operated Enterperise's shuttle bus causing the abovementioned injuries, damages and harms to Plaintiff, Enterprise is vicariously liable for Defendant Doe's negligence and resulting injuries, damages and harms to Plaintiff, under the doctrine of respondeat superior.

32. As a result of the foregoing, Enterprise is liable for Defendant Doe's reckless and negligent driving that caused Plaintiff's serious bodily injuries, which include, but are not limited to: a torn left shoulder rotator cuff, left shoulder labrum tear and/or injury, likely need for surgical repair of left shoulder, and varying soft tissue injuries to the left side of Plaintiff's neck, face and left shoulder, lost time from work and lost wages, medical costs past and future, physical impairment, permanent impairment, pain, suffering, and other injuries and damages, some of which are believed permanent, all in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant Doe and Enterprise as provided by law in amounts to compensate Plaintiff for his injuries, damages, losses, costs, expert witness fees, attorney's fees and for such other and further relief as the Court deems just, proper or appropriate.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY A JURY IN THIS MATTER**

Respectfully submitted this 19th day of November, 2020.

**LAW OFFICE OF MICHAEL P. FOSSENIER, LLC**

***Duly signed original on file***
*//ss// Michael P. Fossenier*
Michael P. Fossenier, Esq., #17804


Plaintiff's Address:
3091 Brooks Drive
Snellville, GA  30078